```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
CHRISTOPHER SLATER,           :
                              :
          Petitioner,         :   Civ. No. 21-11627 (NLH)
                              :
     v.                       :   OPINION
                              :
EUGENE CALDWELL,              :
                              :
          Respondent.         :
_____:
```

APPEARANCES:

Christopher Slater
661281B/1305296
South Woods State Prison
215 South Burlington Rd.
Bridgeton, NJ 08302

 *Petitioner pro se*

James R. Birchmeier, Esq.
Birchmeier & Powell LLC
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582

 *Attorneys for Respondent*

<u>HILLMAN, District Judge</u>

  Petitioner Christopher Slater filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detention in the Cumberland County Jail.  ECF No. 1.  Respondent opposed the petition.  ECF No. 5.

Petitioner filed a change of address notification on October 12, 2022 informing the Court that he is now incarcerated in South Woods State Prison. ECF No. 10. The Court issued an Order to Show Cause on October 19, 2022 asking why the petition should not be dismissed as moot. ECF No. 11. Petitioner filed a response on November 7, 2022. ECF No. 12.

Petitioner requested relief under § 2241 on due process grounds and allegedly unconstitutional conditions of confinement at the Cumberland County Jail. ECF No. 1. He claimed he was "missing discovery" and had "no proper way to talk to [his] attorney." Id. at 7. He alleged that the Cumberland County Jail mishandled its response to the COVID-19 pandemic, jeopardizing his health and safety. Id.

District courts have jurisdiction under § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court. Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975). This includes claims that pretrial conditions of confinement violate the Constitution. See Hope v. Warden York County Prison, 972 F.3d 310 (3d Cir. 2020). However, Petitioner has been convicted, sentenced, and relocated to state prison since he filed this petition.

In response to the Court's Order to Show Cause, Petitioner argues that he "pleaded out on the charges only because of the many trail [sic] and mental suffering from the conditions I was

being held under as well as being retaliated upon and then being ship[ped] from Cumberland County Jail to Hudson County Jail." ECF No. 12.  He also asserts his trial counsel was ineffective because trial counsel failed to file an appeal.  Id. Petitioner's conviction and sentence moot his challenge to his pretrial detention.  See Clark v. Payne, 341 F. App'x 355, 356 (10th Cir. 2009) ("[Section] 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner."); Williams v. New Jersey, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020).  "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it."  Williams, 2020 WL 3259223, at *2 (citing Nextel W. Corp. v. Unity Twp., 282 F.3d 257, 261 (3d Cir. 2002)).  Any challenge to his state conviction must be filed under 28 U.S.C. § 2254 after he exhausts all his state court remedies.

The Court will dismiss the § 2241 petition as moot.  The dismissal is without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies, or a civil rights complaint based on this allegations concerning the conditions of his pre-trial confinement.[1]  To the extent a certificate of appealability

---

[1] "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."  Preiser v. Rodriguez,

3

is required, the Court declines to issue one because reasonable jurists would agree that the petition is moot.  28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate Order will be entered.


Dated: November 21, 2022            s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

411 U.S. 475, 494 (1973).  Petitioner may file a civil rights complaint for damages, if he so wishes.  The Court will instruct the Clerk to mail a blank civil rights form and blank in forma pauperis application to Petitioner.  The Court expresses no opinion as to whether any forthcoming complaint meets the requirements of the Prison Litigation Reform Act.  Similarly, the Court expresses no opinion as to whether any forthcoming petition will meet the requirements of § 2254.

4